IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03434-RBJ

GERALDO LUCENA-FERREIRA,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is Geraldo Lucena-Ferreira's ("petitioner") Application for a Writ of Habeas Corpus ("Petition"). ECF No. 1. Mr. Lucena-Ferreira seeks an order declaring his current immigration detention unlawful under the Due Process Clause and asks this Court to order his release. ECF No. 1 at 23. Respondents have declined to submit an opposition brief. ECF No. 6.

For the reasons set forth below, the Court agrees that petitioner's current detention is unlawful and orders that respondents release him forthwith.

## I. Background

Mr. Lucena-Ferreira is a Venezuelan national. He entered the United States on or about December 10, 2021. ECF No. 1 at 7. Shortly thereafter, he was arrested,

detained, and placed in removal proceedings. On or about December 13, 2021, DHS personally served Mr. Lucena-Ferreira with a Notice to Appear (NTA) charging him as inadmissible under INA § 212(6)(A)(i). *Id.* That same day, he was released on his own recognizance. He has resided in the United States since then.

On May 15, 2022, DHS filed Mr. Lucena-Ferreira's NTA. On June 26, 2023, he applied for Asylum, Withholding of Removal, and CAT Withholding Form I-589. *Id.* at 8. However, on February 2, 2026, an immigration judge denied Mr. Lucena-Ferreira's I-589 Application for relief and reiterated that he was inadmissible under § 212(a)(6)(A)(i). *Id.* Petitioner appealed that decision on March 23, 2026. His asylum appeal remains pending.

Mr. Lucena-Ferreira was re-arrested on or about August 3, 2025 and detained in Miami, Florida. About a week later, he was transferred to the GEO-operated Aurora Detention Center and remains in custody. *Id.*

On July 28, 2026, petitioner filed his habeas petition pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner brings two challenges to his detention. First, he claims his detention is unconstitutional because it he has been detained for over eleven months without receiving a bond hearing. *Id.* at 17. Second, he alleges his detention violates his Fifth and Eighth Amendment rights because he has not received adequate medical care and therefore his continued detention is unlawful.

## II. Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

**A. Mr. Lucena-Ferreira's continued detention is unlawful.**

Petitioner's continued detention is unlawful under the Due Process Clause in two respects. First, Mr. Lucena-Ferreira has been detained for an unreasonably prolonged period without receiving the bond hearing to which he is statutorily entitled. Second, his deteriorating medical condition renders his continued civil detention unreasonable because it no longer bears a reasonable relationship to the Government's legitimate regulatory interests. *See Zadvydas,* 533 U.S. at 690; *Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979).

With respect to the duration of his detention and the lack of a bond hearing, Mr. Lucena-Ferreira is a noncitizen who has not been admitted or paroled into the

United States and is detained pursuant to 8 U.S.C. § 1226(a). As a noncitizen under § 1226(a), he is entitled to seek release on bond before an immigration judge. He has now been detained for approximately eleven months without any opportunity to request a bond hearing. Due process requires an individualized determination that continued detention remains justified. Because Mr. Lucena-Ferreira has received no such determination, his continued detention violates due process.

Mr. Lucena-Ferreira deteriorating health also renders his continued detention unconstitutional. Due process places constitutional limits on the Government's authority to detain noncitizens and requires that civil detention bear a reasonable relation to its legitimate regulatory purposes. *See Zadvydas,* 533 U.S. at 690; *Bell,* 441 U.S. at 538-39. The record shows that Mr. Lucena-Ferreira suffers from severe gastroesophageal reflux disease and chronic gastrointestinal distress. A physician has diagnosed his condition as serious and requiring treatment. However, he has not received the diagnostic evaluations and specialty care necessary to treat his condition. ECF No. 1 at 19.

Mr. Lucena-Ferreira has no criminal history, has previously been released on his own recognizance without incident, has a pending appeal before the BIA, and suffers from serious medical conditions that cannot be properly addressed in detention. Under these circumstances, continued detention no longer reasonably advances the Government's legitimate interests in ensuring Mr. Lucena-Ferriera's

appearance at future immigration proceedings or protecting the public. The Court therefore concludes that Mr. Lucena-Ferreira's continued detention is unconstitutional.

**B. Release is the appropriate remedy.**

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief." *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21, 2026) (internal citation omitted). And in issuing a writ of habeas corpus, a federal court may fashion relief "as law and justice require." 28 U.S.C. § 2243.

The Court concludes that release is the appropriate remedy. *See Tumba v. Francis*, 813 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) (noting that the "typical remedy" for "unlawful executive detention" is "of course, release") (quoting *Munaf v. Geren*, 533 U.S. 674, 693 (1973)).

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner on his own recognizance within 48 hours of this Order.
2. Respondents MAY NOT impose additional release conditions other than those that petitioner was subject to prior to his current detention.
3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.

It is SO ORDERED.[1]

Dated: August 6, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

[1] To the extent petitioner seeks attorneys' fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.